No. 12-0638 and No. 12-0992

LEE TRACE, LLC, Petitioner v. GEARL RAYNES, ASSESSOR FOR BERKELEY COUNTY, WEST VIRGINIA; BERKELEY COUNTY COUNCIL SITTING AS BOARD OF REVIEW AND EQUALIZATION; AND BERKELEY COUNTY COUNCIL, Respondents

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUSTICE KETCHUM,** concurring in No. 12-0638 and dissenting in No. 12-0992

I concur with the holding of this Court in case No. 12-0638 which reverses the determination of the circuit court that the taxpayer's application for relief, concerning the assessed value of its property for tax year 2010, was untimely filed.   The notice at issue should have specified the time and place for the taxpayer to challenge the assessment.

However, I disagree with the holding of the majority in case No. 12-0992 which reinstates the assessed value of $7,593,430 initially calculated by the Assessor, for tax year 2011, using the cost approach.   The taxpayer challenged the assessed value, contending that the income approach was more appropriate.   Thereafter, the Assessor, at the request of the Board of Review and Equalization, provided information to the Board concerning the value of the property which took into account the income approach.   The taxpayer assisted in that effort, and, through a hybrid income approach, a revised assessment of $5,207,940 was reached.   The Board then averaged the results of the cost and income approaches, both of which were calculated by the Assessor, and concluded that "the fair total assessed value" was $6,400,690.   Subject to a mathematical correction, the circuit court affirmed the action of the Board.

Recently, in *Pope Properties / Charleston Limited Liability Co. v Robinson*, 230 W.Va. 382, 738 S.E.2d 546, 552 (2013), this Court restated the principle that the selection of the cost, income or market data approach is within the discretion of the assessor. However, in the current matter, the Board of Review and Equalization stepped into the process and asked the Assessor for further assistance. The majority opinion concludes that the assessed value of the taxpayer's property would more appropriately be reflected by the initial cost approach in the amount of $7,593,430. Neither the Board nor the circuit court found that amount acceptable.

The application of the cost approach in this case was arbitrary, and the assessed value of $7,593,430 should not be reinstated. Accordingly, I respectfully dissent.